# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY WILLIAM BURNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-182-R |
| | ) |
| CLEVELAND COUNTY | ) |
| SHERIFF'S DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violation of his civil rights with regard to his detention in Cleveland County. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary proceedings. On September 26, 2018, Judge Erwin issued a Report and Recommendation wherein he recommended that Plaintiff's Amended Complaint be dismissed following screening under 28 U.S.C. § 1915A(a) and § 1915(e)(2)(B), because Plaintiff failed to allege any legal or factual basis for holding any of the three individual Defendants, members of the Cleveland County Board of County Commissioners sued in both official and individual capacities, liable. (Doc. No. 24). Plaintiff filed an objection to the Report and Recommendation (Doc. No. 27) giving rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which he makes specific objection. He also filed a Motion for Appointment of Counsel (Doc.No. 29) and a Motion for Extension of Time (Doc. No. 28), seeking therein additional time to

prepare additional objections to the Report and Recommendation. The Court has considered Plaintiff's objection and his motions and finds as follows.

Plaintiff's allegations stem from injuries he allegedly suffered while in an accident in custody in Cleveland County, because the hood of the transport vehicle flew up, shattered the windshield, and caused the driver to swerve. He also alleges a fall at the Lexington Assessment and Reception Center. Judge Erwin's recommendation of dismissal was based on Plaintiff's failure to identify a policy or custom that was the moving force behind the violation of his rights. His Amended Complaint alleges that the County Commissioners were responsible for governing the Sheriff's Department and the Detention Center. In his objection Plaintiff presents a thorough evaluation of the law regarding deliberate indifference as it relates to the alleged denial of access to medical care. He does not, however, address how any of the three Commissioners, in his or her individual capacity, violated his constitutional rights. To avoid dismissal Plaintiff must have alleged facts showing that the Commissioners were personally involved in the underlying violations through their own participation or supervisory control. *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010); *see also Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) ("A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability."). Plaintiff alleges no facts from which it could be concluded that the three individuals named had supervisory control over Plaintiff's access to medical care.

With regard to claims against the three in their official capacity, which is tantamount to a claim against the Board, the Amended Complaint contains no factual allegations

regarding policies or customs that allegedly led jailers and staff to deprive him of necessary medical care or to otherwise violate his rights. Counties "are subject to liability [under § 1983] only for their official policies or customs." *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989). *See Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). The Amended Complaint herein does not allege that the Board of County Commissioners had an official policy or custom that caused the alleged violation of his constitutional rights and, therefore, the Court will dismiss, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(1), Plaintiff's § 1983 claims against the named Defendants in their official capacities, for failure to state a claim on which relief may be granted.

In his objection, Plaintiff touches upon Judge Erwin's point by asserting, "[s]ince the Oklahoma Board of County Commissioners adopted the policy, it is legislative. We therefore apply the "Right" approach under *Dias*. *See* 567 F.3d [1169] at 1182." (Doc. No. 27, p. 5). *Dias*, however, involved a substantive due process challenge to an ordinance banning pit bulls, and thus is not relevant to the instant dispute. Despite Plaintiff's protests to the contrary, it is incumbent upon him to identify the relevant policies or customs that allegedly resulted in deprivation of his constitutional rights.

The Court hereby ADOPTS the Report and Recommendation in its entirety and DISMISSES the Amended Complaint. Plaintiff's Motion for Extension of Time is DENIED. The Court previously granted Plaintiff numerous extensions of time in which to

submit his objection, and his efforts are apparent in the Objection that he filed, no additional time is warranted. Plaintiff's Motion for Appointment of Counsel is DENIED AS MOOT. Furthermore, even if the case were to continue, in light of Plaintiff's Objection, which is coherent and well-thought, although not sufficient to avoid dismissal, the Court would not appoint counsel.[1]

**IT IS SO ORDERED** this 3rd day of December 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that it does not disregard the serious nature of Plaintiff's allegations. However, his claims as pled are directed at the wrong people.